UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| DEBORAH THOMAS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 14-CV-396 |
| GGP – MALL OF LOUISIANA HOLDING LLC; HIGBEE LOUISIANA, LLC AND MACY'S RETAIL HOLDINGS, INC. | JUDGE deGRAVELLES<br><br>MAG. BOURGEOIS |

## ORDER

Defendant Macy's Retail Holdings, Inc. (Macy's) seeks to set aside a default decree entered on July 25, 2014 at the request of Plaintiff, Deborah Thomas.

On June 27, 2014, Thomas filed suit against Defendants alleging that the Macy's and Dillard's stores within the Mall of Louisiana exhibited several conditions and characteristics which violated ADA requirements mandating that such facilities be "accessible to and usable by individuals with mobility disabilities..." (Doc. 1, p. 6.)

Defendants received service of Plaintiff's Complaint on July 2, 2014. (Docs. 7, 7-1, & 7-2.) Higbee and GGP, two of the Defendants herein, sought extensions of time in which to respond to Plaintiff's Complaint. (Docs. 3 & 4.) The Court granted the requests, giving those Defendants until August 25, 2014 to file responsive pleadings. (Docs. 5 & 6.) Macy's did not file a request for extension of time within which to file responsive pleadings.

Executed service returns were entered into the record on July 24, 2014. (Docs. 7, 7-1, and 7-2.) The following day, July 25, 2014, Thomas sought a default order against Macy's, which the Clerk of Court entered the same day. (Docs. 8 & 9.) Macy's filed a response to Plaintiff's Complaint on July 31, 2014, along with the Motion to Set Aside Default presently pending before the Court. No default was sought against Defedants Higbee and GGP as an extension of time in which to

answer had previously been granted.

Fed.R.Civ.P. 55(c) provides that default decrees may be set aside if the party seeking relief shows good cause. The decision to set aside a default decree lies within the sound discretion of the district court. *Traquth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983). In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Although a motion to set aside a default decree under Fed.R.Civ.P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed.R.Civ.P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect. *Id*. at 276.

Here, the record does not indicate and Plaintiff does not argue that Macy's failure to file a claim and answer within the time limits was willful. Soon after Macy's learned of the default, Macy's filed an Answer to Plaintiffs' Complaint, and filed the instant Motion to Set Aside Default. There is no evidence that Macy's acted willfully in failing to assert its opposition to the default proceedings or in failing to timely file an Answer.

Furthermore, there is no evidence in the record that Plaintiff will be prejudiced if the default decree is set aside. Prejudice to the adversary only exists if circumstances have changed since the entry of default such that Plaintiff's ability to litigate her claims has become materially impaired or if relevant evidence has become lost or unavailable. *Accu-Weather, Inc.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991). As neither of the two Defendants had filed an Answer to Plaintiff's Complaint at the time the default was entered, and as Plaintiff has not demonstrated a change in circumstances since entry of the default which would materially impair her claim, this Court finds Plaintiff will not be prejudiced if the decree is set aside.

Finally, Defendant's motion contains a meritorious defense. Macy's has attached to its Memorandum in Support of Motion to Set Aside Default the affidavit of Courtney M. Menges, legal counsel for Macy's. Ms. Menges, in her affidavit, states that Macy's did not file a timely response due to inadvertance and miscalculation. (Doc. 11-2.) The record clearly reveals that only eight days after it was originally due, Macy's has filed an Answer to Plaintiff's Complaint which asserts affirmative defenses.

In sum, on the record before us, the default was not willful, the Plaintiff will not be prejudiced if the default decree is set aside, and Defendant alleges a meritorious defense. Therefore, because there is no reason to deny Defendant a chance to assert its claim, Defendant's Motion to Set Aside Default is GRANTED.

Signed in Baton Rouge, Louisiana, on <u>September 26, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**